1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
6                                * * *
7   BANK OF AMERICA, N.A.,                    Case No. 2:1-CV-407 JCM (CWH)
8                         Plaintiff(s),                    ORDER
9         v.
10  ANN LOSEE HOMEOWNERS
    ASSOCIATION, et al.,
11
12                        Defendant(s).

13

14          Presently before the court is defendant Ann Losee Homeowners' Association's (the

15  "HOA") motion to dismiss.  (ECF No. 20).  Plaintiff Bank of America, N.A., successor by merger

16  to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA") filed

17  a response.  (ECF No. 28).

18  **I.      Facts**

19          This case involves a dispute over property that was subject to a homeowners' association

20  superpriority lien for delinquent assessment fees.  On November 21, 2009, Paul Borin ("Borin")

21  obtained a loan from First Option Mortgage in the amount of $204,355.00 to purchase the subject

22  property located at 2317 Clarington Avenue, North Las Vegas, Nevada (the "property").  (ECF

23  No. 1).

24          The deed of trust securing the loan was recorded on November 30, 2009.  (ECF No. 1).

25  The Federal Housing Administration ("FHA") insured the note and deed of trust.  (ECF No. 1).

26  The deed of trust was assigned to BANA.  (ECF No. 1).

27          On November 19, 2013, defendant Absolute Collection Services, LLC ("ACS"), acting on

28  behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of

**James C. Mahan**
**U.S. District Judge**

1  $1,668.83.  (ECF No. 1).  On January 8, 2014, ACS recorded a notice of default and election to

2  sell to satisfy the delinquent assessment lien, stating an amount due of $2,385.68.  (ECF No. 1).

3  On April 30, 2014, ACS recorded a notice of trustee's sale, stating an amount due of

4  $3,843.76 and scheduling the sale for June 17, 2014.  (ECF No. 1).  On June 17, 2014, defendant

5  Nevada New Builds, LLC ("NNB") purchased the property at the foreclosure sale for $9,000.00.

6  (ECF No. 1).  A foreclosure deed in favor of NNB was recorded on June 19, 2014.  (ECF No. 1).

7  NNB transferred the property to defendant Janet Garcia ("Garcia") by a deed of sale

8  recorded on July 23, 2014.  (ECF No. 1).  Thereafter, Garcia transferred the property to defendant

9  Arkham, LLC by quitclaim deed recorded on May 1, 2015.  (ECF No. 1).  Subsequently, Arkham,

10  LLC transferred the property to defendant Arkham XIII, LLC by a grant, bargain, sale deed

11  recorded on May 11, 2015.  (ECF No. 1).

12  In the instant complaint, BANA alleges four claims of relief: (1) quiet title/declaratory

13  judgment against all defendants; (2) breach of NRS 116.1113 against ACS and the HOA; (3)

14  wrongful foreclosure against ACS and the HOA; and (4) injunctive relief against Arkham XIII,

15  LLC.  (ECF No. 1).

16  In the instant motion, the HOA moves to dismiss arguing that the court lacks subject matter

17  jurisdiction pursuant to chapter 38 of the Nevada Revised Statutes and that BANA failed to state

18  a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

19  (ECF No. 20).  The court will address each in turn.

20  **II.    Legal Standard**

21  A court may dismiss a complaint for "failure to state a claim upon which relief can be

22  granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

23  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

24  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

25  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

26  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

27  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

28  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

**James C. Mahan**
**U.S. District Judge**

- 2 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

III.   **Discussion**

   **A.  Mediation – NRS 38.310**

In the instant motion, the HOA argues that the complaint must be dismissed for BANA's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 20 at 5). Section 38.310 of the Nevada Revised Statutes provides, in relevant part:

James C. Mahan
U.S. District Judge

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1."  Nev. Rev. Stat. § 38.310(2).

In response, BANA contends that NRS 38.310 is inapplicable to its claims and that NRED's authority has expired.  (ECF No. 28 at 5).  In particular, BANA claims that it submitted a request for mediation to NRED on November 10, 2016, but NRED failed to schedule a mediation in the time period required under NRS 38.330(1).  (ECF No. 28 at 9).  Thus, as BANA maintains, it has exhausted its administrative remedies prior to filing this action "or was excused from doing so."  (ECF No. 28 at 8–9).

BANA fails to cite any authority in support of its argument.  Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim."  Nev. Rev. Stat. § 38.330(1).  However, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion.  While BANA has submitted a request for mediation, the parties have not participated in mediation.  Thus, BANA has not exhausted its administrative remedies and must mediate certain claims prior to initiating an action in court.

Further, NRS 38.350 expressly tolls the statute of limitations applicable to BANA's claims that are subject to mediation under NRS 38.310.  Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired."  Nev. Rev. Stat. § 38.350.  Therefore, BANA's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

### 1. *Quiet Title/Declaratory Relief*

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id.* at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, BANA seeks both to quiet title and declaratory relief regarding its rights to the property. Accordingly, this claim is exempt from the mediation requirement of NRS 38.310, and the HOA's motion to dismiss will be denied as it relates to this issue.

### 2. *Bad Faith & Wrongful Foreclosure*

BANA alleges that the HOA and ACS breached their duty of good faith by failing to comply with their obligations under the CC&Rs. (ECF No. 1 at 12–13). BANA further alleges that the foreclosure conducted by the HOA and ACS was wrongful. (ECF No. 1 at 13–14).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight*

James C. Mahan
U.S. District Judge

- 5 -

1    *Family, L.L.P.*, 310 P.3d at 559.   "This type of interpretation falls under NRS 38.310."   *Id.*

2    Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to

3    residential property."   *Id.* at 558.

4         Consequently, BANA must first submit these claims to mediation before proceeding with

5    a civil action.   *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No.

6    215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series*

7    *1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL

8    5709484, at *4 (D. Nev. Sept. 29, 2015).   Therefore, BANA's claims for breach of good faith and

9    wrongful foreclosure will be dismissed without prejudice.

10         Accordingly, the HOA's motion to dismiss will be granted as to these claims.

11    **B.  Failure to State a Claim**

12         Under Nevada law, "[a]n action may be brought by any person against another who claims

13    an estate or interest in real property, adverse to the person bringing the action for the purpose of

14    determining such adverse claim."   Nev. Rev. Stat. § 40.010.   "A plea to quiet title does not require

15    any particular elements, but each party must plead and prove his or her own claim to the property

16    in question and a plaintiff's right to relief therefore depends on superiority of title."   *Chapman v.*

17    *Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and

18    citations omitted).   Therefore, for plaintiff to succeed on its quiet title action, it needs to show that

19    its claim to the property is superior to all others.   *See also Breliant v. Preferred Equities Corp.*,

20    918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff

21    to prove good title in himself.").

22         BANA asserts that its FHA insured interest in the deed of trust encumbers the property and

23    seeks a declaration that the foreclosure sale did not extinguish the senior deed of trust.   (ECF No.

24    1 at 7).

25         The HOA argues that BANA failed to state a claim for quiet title and declaratory relief

26    because the foreclosure sale did not violate BANA's due process rights, the foreclosure sale

27    comported with the Supremacy Clause, and BANA failed to establish superiority of title.   (ECF

28    No. 20 at 10–11).

**James C. Mahan**
**U.S. District Judge**

- 6 -

1

### 1. *Due Process Clause*

2          This court has previously found that allowing an HOA lien to extinguish a first position

3   deed of trust to be unjust and a violation of due process. *See, e.g.*, *Premier One Holdings, Inc. v.*

4   *BAC Home Loans Servicing LP*, No. 2:13-CV-895 JCM GWF, 2013 WL 4048573, at *4 (D. Nev.

5   Aug. 9, 2013). In so finding, this court explained that permitting an HOA lien to wipe out a prior

6   deed of trust contravenes the principles and purpose of a race-notice jurisdiction. *See id.*

7          Under traditional common law, the rule of competing interests in real property is "first in

8   time, first in right." 11 David A. Thomas, *Thompson on Real Property* § 92.03, at 97 (2008) (citing

9   Ralph W. Aigler, *The Operation of the Recording Acts*, 22 Mich. L. Rev. 405, 406 (1924) ("[F]irst

10  in time was first in right because there was nothing left for the second transferee.")).

11         As an exception to the harsh common law "first in time, first in right" rule, states enacted

12  recording statutes. To varying degrees, recording statutes protect bona fide purchasers ("BFP") of

13  real property against subsequent adverse claims thereto and provides a mechanism for prior

14  grantees to put subsequent purchasers on notice. *See, e.g.*, *First Nat'l Bank v. Meyers*, 161 P. 929,

15  931 (Nev. 1916) ("One need but revert to the fact that recordation is for the purpose of giving

16  notice to the world").

17         A BFP is a person who purchases real property "for a valuable consideration and without

18  notice of the prior equity, and without notice of facts which upon diligent inquiry would be

19  indicated and from which notice would be imputed to him, if he failed to make such inquiry."

20  *Bailey v. Butner*, 176 P.2d 226, 234 (Nev. 1947) (emphasis omitted); *see also Moore v. De*

21  *Bernardi*, 220 P. 544, 547 (Nev. 1923) ("The decisions are uniform that the bona fide purchaser

22  of a legal title is not affected by any latent equity founded either on a trust, [e]ncumbrance, or

23  otherwise, of which he has no notice, actual or constructive."). Under Nevada law, "bona fide

24  purchaser" means as follows:

25         Any purchaser who purchases an estate or interest in any real property in good faith
           and for valuable consideration and who does not have actual knowledge,
26         constructive notice of, or reasonable cause to know that there exists a defect in, or
           adverse rights, title or interest to, the real property is a bona fide purchaser.
27

Nev. Rev. Stat. § 111.180(1).

28

Typically, recording statutes are classified as "notice," "race," or "race-notice" statutes. "Nevada is a race notice state." *Buhecker v. R.B. Petersen & Sons Constr. Co., Inc.*, 929 P.2d 937, 939 (Nev. 1996) (citing Nev. Rev. Stat. §§ 111.320; 111.325)). Section 111.325 of the NRS provides as follows:

> Every conveyance of real property within this State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded.

Nev. Rev. Stat. § 111.325. Stated differently, a later-obtained interest can prevail over an earlier-obtained interest in Nevada where the later purchaser is a BFP—purchaser for value without notice of the previous interest—who records its interest first.

Because NRS 116.3116, as interpreted by *SFR Investments*, permits the extinguishment of an earlier recorded interest by a later recorded interest, it contravenes the principles and purpose of BFP status and Nevada's recording statute.

In *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required an HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. --- F.3d ----, No. 15-15233, 2016 WL 4254983 (9th Cir. Aug. 12, 2016).

Because the Ninth Circuit mandate has not been issued in that case, the court declines to render a decision on this issue at this time.

### 2. *Property & Supremacy Clauses*

Under the Property Clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const. Art. IV, § 3, cl. 2. The Supremacy Clause provides that the "Constitution . . . shall be the supreme law of the land . . . ." U.S. Const. Art. VI, cl. 2. "State legislation must yield under the Supremacy Clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal

purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the Supremacy Clause. The court reasoned that upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act." *Id.*

On this basis, courts consistently apply federal law, ignoring conflicting state law, in determining rights related to federally owned and insured loans. *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (holding that federal law applies to FHA-insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding"); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488, 497 (8th Cir. 1981) (citing Ninth Circuit case law) ("We note that federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan."). Foreclosure on federal property is prohibited where it interferes with the statutory mission of a federal agency. *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Other courts in this district have uniformly held that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's ownership interest in property without proper consent. *See, e.g.*, *LN Mgmt., LLC Series 5664 Divot v. Dansker*, No. 2:13-cv-01420-RCJ-GWF, 2015 WL 5708799, at *2 (D. Nev. Sept. 29, 2015); *Fed. Nat'l Mortgage Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2015 WL 5723647, at *3 (D. Nev. Sept. 28, 2015); *1597 Ashfield Valley Trust v. Fed. Nat'l. Mortg. Ass'n Sys.*, No. 2:14-CV-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015).

Indeed, federal district courts in this circuit have also set aside HOA foreclosure sales on property and supremacy clause grounds in cases involving federally insured loans. *Saticoy Bay LLC v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199-JCM-VCF, 2015 WL 1990076, at *1 (D. Nev.

Apr. 30, 2015); *see also Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014) (holding that property and supremacy clauses barred foreclosure sale where mortgage interest was federally insured); *see also Sec. of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 982 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure on HUD property, quieting title in HUD's favor based on property and supremacy clauses); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027, 1036 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure sale of property purchased under veteran's association home loan guarantee program).

Accordingly, the court finds that BANA has sufficiently stated a claim to quiet title. While the HOA argues that BANA failed to establish superiority of title, here, at this stage of the proceedings, such proof is not required.

**IV.     Conclusion**

Based on the foregoing, the HOA's motion to dismiss is granted in part and denied in part. Specifically, BANA's claims for breach of good faith and wrongful foreclosure are dismissed without prejudice for failure to comply with the mediation requirement set forth in NRS 38.310; however, BANA's quiet title claim survives.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Ann Losee Homeowners' Association's motion to dismiss (ECF No. 20) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED October 18, 2016.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 10 -