UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-407 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ANN LOSEE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP's (BANA) amended motion for leave to file an amended complaint to reassert claims against Ann Losee Homeowners' Association (HOA). (ECF No. 62).

**I.    Facts**

This case involves a dispute over real property located at 2317 Clarington Avenue, North Las Vegas, Nevada (the "property"). On November 21, 2009, Paul Borin obtained a loan from First Option Mortgage in the amount of $204,355.00, which was secured by a deed of trust recorded on November 30, 2009. *Id.*

The deed of trust was assigned to BANA via an assignment of deed of trust recorded on November 14, 2011. *Id.*

On November 19, 2013, defendant Absolute Collection Services, LLC ("ACS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,668.83. *Id.* On January 8, 2014, ACS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,385.68. *Id.*

On February 3, 2014, BANA requested a ledger from the HOA/ACS identifying the superpriority amount allegedly owed to the HOA. *Id.* The HOA/ACS provided a ledger dated February 19, 2014, stating a superpriority amount owed of $2,104.35 and a total owed of $6,553.45. (ECF No. 1). BANA calculated the superpriority amount to be $180.00 and tendered that amount to ACS on March 3, 2014, which the HOA allegedly accepted. *Id.*

On April 30, 2014, ACS recorded a notice of trustee's sale, stating an amount due of $3,843.76 and scheduling the sale for June 17, 2014. *Id.* On June 17, 2014, defendant Nevada New Builds, LLC ("NNB") purchased the property at the foreclosure sale for $9,000.00. (ECF No. 1). A foreclosure deed in favor of NNB was recorded on June 19, 2014. *Id.*

NNB transferred the property to defendant Janet Garcia by a deed of sale recorded on July 23, 2014. (ECF No. 1). Thereafter, Garcia transferred the property to defendant Arkham, LLC by quitclaim deed recorded on May 1, 2015. *Id.* Subsequently, Arkham, LLC transferred the property to defendant Arkham XIII, LLC (Arkham XIII) by a grant, bargain, sale deed recorded on May 11, 2015. *Id.*

On November 10, 2015, BANA submitted a demand for mediation with the Nevada Real Estate Division (NRED), as required by NRS 38.310. (ECF No. 60-1). Although NRS 38.330 requires that ". . . mediation must be completed within 60 days after the filing of the written claim," the record shows that NRED did not assign the parties to mediation until October 31, 2016—nearly a year after they filed their mediation demand. (*See* ECF No. 60-2). They did not finally mediate until this year on March 23, 2017, nearly one and a half years after they filed their mediation demand.[1] (ECF No. 60-3).

In the meantime, BANA filed the complaint in this matter on February 26, 2016. (ECF No. 1). In it, BANA asserts four claims of relief: (1) quiet title/declaratory judgment against all

---

[1] BANA's counsel represents to this court that she "has not yet received a copy of the closure letter from NRED regarding this matter. Once received, we will file a supplemental attaching the closure letter." (ECF No. 62 at 4 n.1). Regardless, the HOA concedes that this mediation took place on March 23, 2017, and the evidence in the record supports the conclusion. This court finds for the purposes of this motion that mediation occurred on March 23, 2017 and that the parties did not reach a settlement therein. (ECF No. 62-1 at 17).

James C. Mahan
U.S. District Judge

defendants; (2) breach of NRS 116.1113 against ACS and the HOA; (3) wrongful foreclosure against ACS and the HOA; and (4) injunctive relief against Arkham XIII. (ECF No. 1).

On October 18, 2016, the court dismissed claims (2) and (3) of BANA's complaint (ECF No. 1) without prejudice for failure to mediate pursuant to NRS 38.310. (ECF No. 35).

On June 15, 2017, BANA represented to the court that mediation has since been completed and moved for leave to file an amended complaint to reassert the same claims at issue in the present motion, its claims against the HOA for breach of NRS 116.1113 and wrongful foreclosure. (ECF No. 60).

This court denied that motion pursuant to Local Rule 15-1(a) and NRS 38.330(1) because BANA did not attach a proposed amended complaint to its motion, nor did it indicate whether an agreement was obtained. (ECF No. 61).

On June 22, 2017, BANA filed the instant "amended motion for leave to reassert claims," having purportedly corrected the mistakes of the previous motion. (ECF No. 62). The HOA responded, arguing that the motion to amend should be denied because it is untimely and futile. (ECF No. 65). BANA replied, arguing that it has good cause to justify the timing of its motion because the mediation did not occur until after the deadline for amended pleadings and "there has been a significant delay in the closure letters being sent out." (ECF No. 68).

**II.     Discussion**

    **a.  Mediation requirements**

Under Nevada law,

1. No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

(b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,

may be commenced in any court in this State **unless the action has been submitted to mediation** . . . .

2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. Ann. § 38.310.

James C. Mahan
U.S. District Judge

Since this court previously dismissed claims (2) and (3), BANA has completed the mediation required by NRS 38.310. (ECF Nos. 60-3, 62-1 at 17). And BANA has attached a proposed amended complaint to the instant motion, as required by Local Rule 15-1(a). (ECF No. 62-1). This amended complaint contains the required "sworn statement indicating that the issues addressed in the complaint have been mediated pursuant to the provisions of NRS 38.300 and 38.360, inclusive, but an agreement was not obtained." NRS 38.330; (ECF No. 62-1 at 17). Accordingly, BANA has now complied with NRS 38.310 with regards to claims (2) and (3).

### b. Amended pleadings

Defendant HOA responds in opposition that this motion is late. (ECF No. 65). This court entered a scheduling order setting the deadline to file a motion to amend pleadings in this case on June 21, 2016, a full year before BANA filed the instant motion. (ECF No. 19 at 2 ¶ 3) ("Pursuant to LR 26-1(e)(2), all motions to amend the pleadings or to add parties shall be filed not later than Tuesday, June 21, 2016, ninety days before the discovery cut-off date."). This court later extended the discovery cut-off date to November 18, 2016.

Federal Rule of Civil Procedure 15 provides that this court should freely allow amended pleadings when justice so requires. Federal Rule of Civil Procedure 16 allows the court to modify a scheduling order for good cause. Local Rule 26-4 provides that any motion for an extension of time after the expiration of a deadline set by a discovery plan, scheduling order, or other order "will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect."

There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Nunez v. Harper*, No. 2:13-CV-0392-GMN-NJK, 2014 WL 2808985, at *2 (D. Nev. June 20, 2014) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir.2000); *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances

surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.2004).

This court finds good cause to allow the amendment and finds that any neglect on BANA's part is excusable, and therefore allows the late filing of the instant motion to amend.

(1) There is no significant danger of prejudice to defendants because they have been aware since the inception of this case that BANA intends to assert the two claims at issue in this motion, and were aware throughout the pendency of the mediation that BANA intended to re-assert these claims—it would make little sense that BANA would expend time and resources to pursue the NRED mediation if it did not intend to re-assert these claims against the HOA once the mediation was complete.

(2) The earliest BANA could have filed a motion to amend the pleadings to re-assert these claims was March 24, 2017, after completing the NRED mediation program. This was after the deadline to assert such motions. However, BANA demanded mediation through the NRED program well before it filed its complaint in this matter. The fact that the mediation did not take place until March 23, 2017 appears to be something that was out of BANA's control. BANA has shown an attempt to comply with statutory mediation requirements in earnest throughout the life of this case. Thus, any neglect on behalf of BANA in failing to meet the deadline to move for an amended pleading is excusable and good cause appears.

BANA did not file a motion to amend until June 15 (and then corrected its motion on June 22), approximately three months after the mediation. The court finds that this was not a substantial period of time under the circumstances, and that the reason for the delay is excusable.

(3) The reason for the three-month delay appears to this court to be the result of excusable neglect: BANA's counsel represents that it was waiting to file this motion "until a closure letter could be obtained from NRED confirming that the NRED process had been complete." (ECF No. 68 at 3).

> However, because of the large number of these cases proceeding through NRED mediations, there has been a significant delay in the closure letters being sent out. Although the closure letter has still not yet been received, to avoid further delay and after receiving confirmation that the NRED process was complete, BANA filed the instant motion [when it did].

**James C. Mahan**
**U.S. District Judge**

- 5 -

*Id.* The court finds this excuse reasonable under the circumstances, especially in light of the extraordinary delays with the NRED mediation program.

(4) The court finds that BANA has acted in good faith with regard to the circumstances of this motion.

The HOA also contends that this amendment would be futile (ECF No. 65 at 2), but provided this court no cogent argument in support of that claim. Accordingly, the argument is waived. *Cf.* LR 7-2(d). In any event, it does not appear that the amendment would be futile.

The court finds good cause to grant this motion and any neglect on behalf of BANA in its delay in bringing this motion to be excusable.

Accordingly,

IT IS HEREBY ORDERED that BANA's motion for leave to amend (ECF No. 62) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA shall file an amended complaint identical to that attached to its motion (ECF No. 62-1) within seven (7) days of the entry of this order.

DATED October 5, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge