UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-407 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ANN LOSEE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendants/counterclaimants Nevada New Builds, LLC ("NNB"), Arkham, LLC, and Arkham XIII, LLC's (collectively "Arkham") motion to strike jury demand or alternatively, motion to bifurcate. (ECF No. 102). Defendant Ann Losee Homeowners' Association (the "HOA") joined (ECF No. 103) and plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 104), to which NNB and Arkham replied (ECF No. 106). The HOA also joined NNB and Arkham's reply. (ECF No. 107).

Also before the court is BANA's motion *in limine*. (ECF No. 105). The HOA filed a response. (ECF No. 111).

**Facts & Background**

On February 26, 2016, BANA filed its initial complaint against the HOA, NNB, Janet Marleny Garcia, Arkham, and Absolute Collection Services, LLC ("ACS"). (ECF No. 1).

On May 31, 2017, BANA filed a jury trial demand. (ECF No. 50). On June 2, 2017, BANA's motion for clerk's entry of default as to Janet Marleny Garcia was granted. (ECF No. 53). On August 25, 2017, the parties filed a proposed pretrial order (ECF No. 75) that the court granted on August 29, 2017 (ECF No. 76). The pretrial order noted BANA's jury demand. *Id.*

On October 12, 2017, BANA filed a first amended complaint alleging the following four (4) causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and ACS; (3) wrongful foreclosure against the HOA and ACS; and (4) injunctive relief against Arkham. (ECF No. 82).

In advance of the January 31, 2018 calendar call, BANA and Ann Losee submitted proposed jury instructions and voir dire. (ECF Nos. 84, 85, 91, 92). The parties then stipulated to continue trial four (4) times. (ECF Nos. 95, 98, 100, 112).

In the instant motion, NNB and Arkham move to strike BANA's jury demand because BANA's claims for quiet title/declaratory judgment and permanent injunction are equitable in nature and are thus not afforded a Seventh Amendment right to a jury trial. (ECF No. 102).

In BANA's motion *in limine*, BANA requests that the court exclude the HOA's rebuttal expert, Michael L. Brunson ("Brunson"), from testifying at trial. (ECF No. 105).

## I.    Legal Standard

*(a) Motion to strike jury demand*

In determining whether the right to a jury trial exists, the court must first decide whether the statutes underlying the party's claims afford the right to a jury trial. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). If the statutes do not afford the right to a jury trial, the court must consider whether the Seventh Amendment of the United States Constitution affords such a right. *Id.* The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII; *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution–or as provided by a federal statute–is preserved to the parties inviolate.").

The Seventh Amendment preserves jury trials for "Suits at common law," but there is no jury trial right for equitable actions. *Katchen v. Landy*, 382 U.S. 323, 336–37 (1966). In order to determine whether a party's claims are those to which the right to a jury trial attaches, the court must examine the nature of the issues involved and the remedy sought. *Wooddell v. Int'l Bhd. of*

*Elec. Workers*, Local 71, 502 U.S. 93, 97 (1991). This is a two-step process. First, the court must compare the action to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" to determine if the action is legal or equitable. *Id.* Second, the court must determine whether the remedy sought "is legal or equitable in nature." *Id.* "The second inquiry is the more important in [the] analysis." *Id.* Where the two steps lead to conflicting answers, "the equitable nature of the relief is dispositive, unless Congress lacks the power to so limit the remedies available" for the claim. *Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir.1993).

*(b) Motions in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

## II.    Discussion

### (a) Motion to strike jury demand

NNB and Arkham argue that BANA has no right to a jury trial on its first (quiet title/declaratory judgment) and fourth (permanent injunction) causes of action because both are claims based in equity. (ECF No. 102). NNB and Arkham contend that "[a]ctions for quiet title such as this one were traditionally decided in courts of equity in 18th century England and therefore, did not merit a jury trial." *Id.* Accordingly, NNB and Arkham argue that BANA's jury demand should be stricken. *Id.*

In response, BANA argues that NNB and Arkham's motion misstates the law on jury demands and that all parties, including NNB and Arkham, consented to submit all issues to a jury. (ECF No. 104).

Despite BANA's attempt to characterize a claim for quiet title/declaratory relief as a legal claim, the court disagrees. BANA cites to various state court cases (none of which are Nevada cases) in support of its proposition that a claim for quiet title is an action at law and that a party asserting such a claim is entitled to a jury trial. *See, e.g. Holland v. Wilson*, 8 Utah 2d 11, 327 P.2d 250 (Utah 1958); *Franchi v. Farmholme, Inc.*, 191 Conn. 201, 464 A.2d 35 (Conn. 1983).

However, a claim for quiet title/declaratory relief is equitable in nature and thus not entitled to a federal right to a jury trial. *Wooddell*, 502 U.S. at 97. BANA does not seek possession or ownership of the property, but a declaration that its deed of trust was not extinguished by the foreclosure sale. If the deed of trust is deemed to have survived the HOA foreclosure sale, BANA's interest is still nothing more than a lien interest. *See Tobin v. Gartiez*, 44 Nev. 179, 191 P. 1063, 1064-65 (1920).

James C. Mahan
U.S. District Judge

Because both the nature of BANA's quiet title/declaratory judgment claim and the relief sought are equitable in nature, there is no federal right to a jury trial. *See Shadow Wood Homeowners Assoc., Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1112 (Nev. 2016) (discussing quiet title as an equitable remedy); *Spinelli*, 12 F.3d at 857 (discussing that when the remedy sought is equitable in nature, there is no federal right to a jury trial). Accordingly, the court will grant NNB and Arkham's motion to strike jury demand.

*(b) Motion in limine*

The HOA disclosed a rebuttal report written by Brunson, an appraiser, in support of its argument that the sale was commercially reasonable. (ECF No. 105). The report rejects the use of the property's fair market value when determining the reasonableness of the foreclosure sale price, instead offering Brunson's opinion that the property's disposition value is the relevant figure to be considered. *Id.* BANA argues that Brunson's opinion is "irrelevant and unhelpful to the trier of fact" and thus should be excluded pursuant to Federal Rule of Evidence 702. *Id.* The court agrees.

In the HOA lien context, this court has frequently held that the amount of the lien—not the fair market value of the property or its disposition price—is what sets the sale price (which may be increased as bidding proceeds). *See e.g., JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, et al.*, No. 2:17-CV-74 JCM PAL, 2018 WL 3186933, at *6 (D. Nev. June 28, 2018); *Bank of New York Mellon v. Southern Highlands Community Association*, No. 2:16-CV-523 JCM CWH, 2018 WL 124591, at *7 (D. Nev. Mar. 9, 2018); *Nationstar Mortgage, LLC v. SFR Investments Pool 1*, LLC, No. 2:15-CV-1702 JCM CWH, 2018 WL 2304039, at *7 (D. Nev. May 21, 2018). As such, an expert's testimony as to his or her opinion of the property's value is not relevant. Accordingly, the court will preclude Brunson from testifying as to a different estimation of the property's value.

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that NNB and Arkham's motion to strike jury demand (ECF No. 102) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's motion *in limine* (ECF No. 105) be, and the same hereby is, GRANTED.

DATED July 16, 2018.

_____

UNITED STATES DISTRICT JUDGE